IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MERDELIN V. JOHNSON** ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 5406 |
| ) | |
| v. ) | Judge: Harry D. Leinenweber |
| ) | |
| **TARGET CORP.,** and **EVANSTON** ) | Magistrate: Judge Morton Denlow |
| **TARGET STORE** and **OLD REPUBLIC** ) | |
| **RISK MANAGEMENT, INC.** ) | |
| ) | |
| Defendants. ) | |

## TARGET CORPORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50

NOW COMES the Defendant, TARGET CORPORATION, (hereinafter "Target"), by and through its attorneys, JOHNSON & BELL, LTD., and hereby moves this Honorable Court to enter judgment as a matter of law on Plaintiff's Complaint at Law. In support of its motion, Target states as follows:

### I. STANDARD

A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. FED. R. CIV. P. 50(a)(2). In diversity cases, state law supplies the standard to be applied to motions for directed verdict. *Jackson v. Bunge Corp.*, 40 F.3d 239, 242 (7th Cir. 1994). Illinois law provides that a directed verdict should be granted when "'all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.'" *Pro Football Weekly Inc., v. Gannett Co., Inc.*, 988 F.2d

723, 726-27 (7th Cir. 1993) *citing Maple v. Gustafson*, 151 Ill.2d 445 (1992) (footnote omitted) *quoting Pedrick v. Peoria & E. R.R. Co.*, 37 Ill.2d 494 (1967).

The rule is well-established that when the evidence in a case is such that, without weighing the credibility of witnesses, there can be but one reasonable conclusion as to the verdict to be reached, a district judge should determine the proceeding by directing the verdict, without submission to the jury; such direction will have the result of saving the mischance of speculation over legally unfounded claims. *See Brady v. Southern Ry. Co.*, 320 U.S. 476, 479-80 (1943); *and also* 9 Wright & Miller, Federal Practice and Procedure § 2524 (1971).

## II. PERTINENT TRIAL TESTIMONY

Both the trial testimony of Ms. Manzanares and Mr. Decker has shown that Absorbit, the absorbable substance that Target uses to clean up a foreign substance on the floor, is not slippery. Mr. Decker testified it is an insulation type of substance that clumps the foreign substance and makes it very easy to sweep up. Ms. Manzanares testified that, once the Absorbit is used on a foreign substance, it becomes clay-like or "clayish". She further testified that it is not loose once the Absorbit is applied. It becomes a solid and is not slippery anymore.

Mr. Decker, Ms. Manzanares, and Mr. Stoner all testified that they were not aware of the foreign substance until after Ms. Johnson reported it to Mr. Stoner.

## III. ARGUMENT

### A. The Plaintiff has failed to offer any evidence that Target caused the liquid to be on the floor where plaintiff allegedly slipped.

The Plaintiff has pointed to no evidence from any source to establish how the liquid came to be on the floor. The law in Illinois is well settled that a jury verdict cannot

2

be based upon speculation, guess or conjecture. *Alvarez v. American Isuzu Motors*, 321 Ill.App.3d 696, 749 N.E.2d 16 (1st Dist. 2001); *Kimbrough v. Jewel Companies, Inc.*, 92 Ill.App.3d 813, 416 N.E.2d 3287, 331 (1st Dist. 1981); *Consolino v. Thompson*, 127 Ill.App.3d 31, 468 N.E.2d 422, 424 (1st Dist. 1984). Although a plaintiff need not prove every alternative cause of his or her injury, liability may not be based on mere possibility, but rather, the circumstances shown must be such as to justify an inference of probability as distinguished from mere possibility. *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir. 1991); *Greene v. KFC Nat'l Mgmt. Co.*, 1985 U.S. Dist. Lexis 17217, *6 (a copy of the decision is attached hereto as Exhibit A); *Alvarez v. American Isuzu Motors* at 25; *Gyllin v. College Craft Enterprises*, 260 Ill.App.3d 707, 633 N.E.2d 111 (2d Dist. 1994). As there is absolutely nothing in the record which creates a reasonable inference that the liquid substance came to be on the floor through any act of the Defendant, judgment in favor of Target is proper.

> **B. Target is entitled to judgment as a matter of law, as there is no evidence that Target had actual or constructive notice of the alleged slippery condition.**

Where a business invitee is injured by slipping on a foreign substance on the premises and where, like here, there is no evidence that Defendant caused it to be there, liability may only be imposed if it appears that the proprietor or its servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. *Reid v. Kohl's Department Stores, Inc.*, 545 F.3d 479 (7th Cir. 2008); *Olinger v. Great Atlantic et al.*, 21 Ill. 2d 469, 474 (Ill. 1961).

In *Reid*, the plaintiff slipped on a milkshake in an aisle in the store. *Reid*, 545 F.3d at 480. The plaintiff argued that the store had constructive notice of the spill since the milkshake was melted. However, the Court held that she failed to establish that the substance had been on the floor for such a length of time that the store should have discovered it. Specifically, there was no testimony in the record with any degree of certainty as to how long the milkshake had been on the floor. There were no facts as to its origin or composition. Further, the store's internal procedure for monitoring such spills appropriately addressed the threat of such issues. In upholding dismissal based on summary judgment, the Court held that the store did not have constructive notice of the spilled substance. Therefore, the plaintiff failed to meet her burden in establishing constructive notice. *Id.* at 483.

Similarly, here, there is no testimony that any employee of Target had actual knowledge of the presence of the liquid on the floor. Plaintiff does not know how long the liquid substance was on the floor and there is no evidence that anyone knew about its presence or that anyone knew that it was on the floor for any known period of time. There is no evidence whatsoever, from any source, to indicate how long the substance was on the floor. Without such evidence, there is no basis to infer any constructive notice of its presence.

> C.  **There is no competent evidence that supports a claim for premises liability in that Target failed to exercise reasonable care to maintain the premises in a reasonably safe condition.**

The operator of a business owes his customers, or business invitees, a duty to exercise reasonable care to maintain the premises in a reasonably safe condition for their use. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 141 (1990). However, he is not an insurer of

his patrons' safety. *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 447 (2006). Rather, his liability to an invitee for injuries not intentionally inflicted must be based on negligence, and no presumption of negligence arises merely by showing that one rightfully on the premises has been injured. *Hutter v. Badalamenti*, 47 Ill.App.3d 561, 563 (5th Dist. 1977). Moreover, a visitor also has a responsibility for her own safety. *Id.* As such, here, Plaintiff has failed to present any evidence that Target was negligent in a manner that proximately caused her slip. Because she cannot do so, judgment for the Defendant is warranted.

### D. The Plaintiff has failed to establish a causal connection between her slip and her claimed injuries, damages, and medical care.

It is well established in Illinois that in a negligence action, the plaintiff bears the burden of proving that Defendant owed a duty, that the duty was breached, and that the Plaintiff suffered damages as a result of that breach. *Teter v. Clemens*, 112 Ill.2d 252, 492 N.E.2d 1340 (1986); *Redmond v. Socha*, 216 Ill. 2d 622, 837 N.E.2d 883 (2005). As the Plaintiff cannot prove that she suffered damages as a result of the negligence of Target, the Plaintiff is not entitled to recover from Target. Medical records and medical bills are not admissible absent a proper foundation being laid. *See* Rules 901 and 902 of the Federal Rules of Evidence; *and also El-Bakly v. Autozone, Inc.*, 2008 U.S. Dist. LEXIS 31285. Plaintiff has failed to produce witnesses to lay such a foundation as required by Fed. R. Civ. Pro. 26 of the Federal Rules of Civil Procedure. Moreover, Plaintiff has failed to timely or properly disclose any expert witness to establish a causal connection between her injuries, her treatment, and her medical bills, and Plaintiff is not competent to so testify herself. *See Moody v. Maine Cent. R.R. Co.*, 823 F.2d 693, 695-96 (1st Dist. 1987) and *Wills v. Foster*, 229 Ill. 2d 393, 413 (2008). Therefore, Plaintiff cannot prove

that she suffered damages as a result of her slip, nor can she prove the nature and extent of any alleged injuries and damages. Thus, there is no competent evidence that Plaintiff suffered injuries or damages as a result of her slip.

**E.    The sole proximate cause of Merdelin Johnson's accident and any injuries and damages resulting from it was a result of the Plaintiff's conduct in failing to keep a proper lookout for her own safety.**

In failing to keep a proper lookout, Merdelin Johnson's contributory fault constitutes more than fifty (50%) percent of the total fault which caused the accident; therefore, the Plaintiff is barred from any recovery under Illinois Law.

## IV.    CONCLUSION

WHEREFORE, Defendant respectfully moves for entry of judgment as a matter of law in its favor and against the Plaintiff.

Respectfully submitted,

By:    /s/Robert M. Burke
One of the Attorneys for the Defendant,
Target Corporation

Robert M. Burke
Jennifer T. Rose
JOHNSON & BELL, LTD.
Attorneys for Defendant
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770



LEXSEE 1985 U.S. DIST. LEXIS 17217

**LEON GREENE, Plaintiff, v. KFC NATIONAL MANAGEMENT COMPANY, a Delaware Corporation, Defendant.**

No. 84 C 9054

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

*1985 U.S. Dist. LEXIS 17217*

August 1, 1985

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff customer filed an action against defendant company to recover damages after he allegedly suffered food poisoning from some chicken he purchased at one of the company's franchises. The action was originally filed in state court, but the company removed the case based on the parties' diversity of citizenship. The company then filed a motion for summary judgment.

**OVERVIEW:** The customer claimed that within two hours of eating the chicken he became violently ill and was hospitalized more than a week later. The company argued that numerous undisputed facts rendered the customer's evidence insufficient as a matter of law to establish a prima facie case against the company. The court agreed and granted its motion for summary judgment. In these types of case, under either a strict liability in tort theory or a breach of warranty theory, a plaintiff must prove that his injury resulted from a condition of the product, the condition was an unreasonably dangerous one, and the condition existed when the product left a defendant's control. Under these standards, the customer's case was insufficient as a matter of law. There was no direct evidence that the chicken was unsafe to eat or that it caused the customer's illness. In addition, his circumstantial evidence, that his co-workers bought chicken on the same day and returned it for a refund was contrary to deposition testimony. More importantly, even if the facts alleged by the customer were accurate, they did not adequately prove the causal connection between the company's food and his illness.

**OUTCOME:** The court granted the motion.

**CORE TERMS:** chicken, food, circumstantial evidence, illness, food poisoning, summary judgment, co-workers, ate, matter of law, genuine issue, franchise, material fact, causal connection, cause of action, jury determination, consumption, deposition, extrinsic, opposing, retailer, warranty, ailment, unsafe, refund, bacteria, foreman, eating, eat

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants*
*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
[HN1] Summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. A court must view the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the party opposing summary judgment. However, the opposing party may not rest on mere allegations but must


EXHIBIT A

set forth specific facts showing that there is a genuine issue for trial.

*Evidence > Relevance > Circumstantial & Direct Evidence*
*Torts > Products Liability > Breach of Warranty*
*Torts > Products Liability > Strict Liability*
[HN2] The Illinois Supreme Court has held that by furnishing food to the general public, a retailer impliedly warrants that the product is fit for human consumption at the time it leaves his control, and where the food proves to be deleterious, he may be required to respond in damages to the injured consumer. However, the Court also emphasized that a plaintiff must establish a causal connection between the retailer, the unsafe food and the injury suffered by the plaintiff. Thus, in order to establish a cause of action on either a tort or a warranty theory, the plaintiff must prove that a defendant's product was unfit for consumption, and that the food's condition caused the plaintiff's illness. Liability may not be based on imagination, speculation, or mere conjecture, and the question of its existence should be submitted for jury determination only where there is some direct evidence supporting each material allegation of the complaint or some circumstantial evidence from which inferences of such facts clearly preponderate. If the plaintiff relies on circumstantial evidence to establish his case, the evidence must also exclude other possible extrinsic causes of the injury.

*Evidence > Procedural Considerations > Burdens of Proof > General Overview*
*Torts > Products Liability > Breach of Warranty*
*Torts > Products Liability > Strict Liability*
[HN3] Many food poisoning cases have proceeded under a strict liability in tort theory rather than the breach of warranty theory. Nevertheless, the elements of a strict liability cause of action are essentially the same. A plaintiff must prove that: (1) his injury resulted from a condition of a product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed when the product left a defendant's control.

**OPINION BY:** [*1] ASPEN

**OPINION**

*MEMORANDUM OPINION AND ORDER*

MARVIN E. ASPEN, District Judge:

Plaintiff Leon Greene ("Greene") brings this personal injury action against defendant KFC National Management Co. ("KFC"), alleging that he suffered food poisoning from some chicken he purchased at a Kentucky Fried Chicken franchise owned and operated by KFC in St. Charles, Illinois.[1] Presently before the Court is KFC's motion for summary judgment. For the reasons set forth below, the motion is granted.

> 1 Greene filed suit in Illinois state court, but KFC removed the case to this Court based on the parties' diversity of citizenship. *28 U.S.C. § 1441.*

[HN1] Summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c).* The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University, 726 F.2d 1222, 1226 (7th Cir. 1984).* The court must view the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the party opposing summary judgment. [*2] *Big O Tire Dealers, Inc. v. Big O Warehouse, 741 F.2d 160, 163 (7th Cir. 1984).* However, the opposing party "may not rest on mere allegations" but "must set forth specific facts showing that there is a genuine issue for trial." *Id.,* quoting *Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983), cert. denied, U.S. , 104 S.Ct. 392 (1983).*

KFC contends that numerous undisputed facts render Greene's evidence insufficient as a matter of law to establish a prima facie case against KFC. We agree.

[HN2] The Illinois Supreme Court has held that "[b]y furnishing food to the general public, the . . . retailer . . . impliedly warrant[s] that the product is fit for human consumption at the time it leaves [his] control, and where the food proves to be deleterious, [he] may be required to respond in damages to the injured consumer." *Tiffin v. Great Atlantic and Pacific Tea Co., 18 Ill.2d 48, 56, 162 N.E.2d 406, 411 (1959).* However, the Court also emphasized that a plaintiff must establish a causal connection between the retailer, the unsafe food and the injury suffered by plaintiff. *Id., 18 Ill.2d at 56-60, 162 N.E.2d at 411-13.* Thus, in order to establish [*3] a cause of action on either a tort or a warranty theory,[2] a plaintiff must prove that the defendant's product was unfit for consumption, and that the food's condition caused the plaintiff's illness. *Shaw v. Swift & Co., 351 Ill.App. 135, 141, 114 N.E.2d 330, 333 (1st Dist. 1953).* "Liability may not be based on imagination, speculation, or mere conjecture, and the question of its existence should be submitted for jury determination only where there is some direct evidence supporting each material allegation of the complaint or some circumstantial evidence from which inferences of such facts clearly preponderate." *Tiffin, 18 Ill.2d at 60, 162 N.E.2d at 412-13.* If a plaintiff relies on circumstantial evidence to establish his case, the evidence must also exclude other possible

extrinsic causes of the injury. *Vuletich v. Alivotvodic,* 73 Ill.App.3d 927, 932, 392 N.E.2d 663, 667 (1st Dist. 1979).

> 2 [HN3] Many of the more recent food poisoning cases have proceeded under a strict liability in tort theory rather than the breach of warranty theory outlined in Greene's complaint. Nevertheless, the elements of a strict liability cause of action are essentially the same. A plaintiff must prove that: (1) his injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed when the product left the defendant's control. E.g., *Consolino v. C. E. Thompson,* 127 Ill.App.3d 31, 33, 468 N.E.2d 422, 424 (1st Dist. 1984).

[*4] Applying these standards, Greene's case is insufficient as a matter of law. There is no direct evidence that KFC's chicken was unsafe to eat or that the food caused Greene's illness. Tests were never performed on the chicken Greene purchased or on the contents of his stomach on September 17, 1982, the day Green ate the chicken. Dr. Ivor Morris, Greene's treating physician, testified in a deposition that the only test that should be run when food poisoning is suspected is a stool smear and culture, to establish the presence or absence of bacterial agents and parasites in the patient's gastrointestinal tract. No such test was performed on Greene until he was hospitalized more than a week after eating the chicken, and those tests detected no bacteria or parasitic organisms. [3] Dr. Morris diagnosed Greene's ailment as acute gastroenteritis, but he repeatedly stated that there is "no way of determining the cause" and that it might have been caused by nerves, a dietary indiscretion, the flu or "almost any disease a man is prone to get."

> 3 Although Dr. Morris suggested that an antibiotic Greene had been taking may have been responsible for the negative test results, he also acknowledged that there were no objective findings that bacteria ever had existed in the first place.

[*5] Greene concedes that he has no direct evidence to prove his case, but he asserts that he has circumstantial evidence sufficient to take his case to a jury. He claims that there are four witnesses who can testify that chicken purchased at KFC's St. Charles franchise on September 17, 1982, was contaminated: three of his co-workers and a foreman. According to Greene, these co-workers did not eat the chicken they bought; rather, noticing a bad smell, they showed the food to their foreman and returned it for a refund. Greene also states that he felt fine before eating the chicken, but within two hours after lunch he experienced vomiting, diarrhea, nausea and chills. Taken together, Greene claims, these circumstances support the inference that the chicken he ate caused his illness.

KFC argues persuasively that this circumstantial evidence is insufficient. First, not all of the deposition testimony of Greene's co-workers squares with Greene's recitation of the facts. James Dorsey ("Dorsey"), one of the co-workers identified by Greene as buying inedible chicken on September 17, 1982, testified that he did not buy chicken on the same day as Greene. Dorsey did say that he purchased [*6] tainted chicken from the same franchise on another day, but (contrary to Greene's story) he also stated that he ate one piece of the chicken, threw out the other piece and did not try to obtain a refund. [4] Second, and more important, even if the facts alleged by Greene are accurate, they do not adequately prove the causal connection between KFC's food and Greene's illness. The circumstantial evidence presented by Greene makes food poisoning a reasonable *possibility,* but it is not enough to "exclude other extrinsic causes" of his illness. *Vuletich,* 73 Ill.App.3d at 932, 392 N.E.2d at 667. We cannot say that the inference that KFC's chicken caused Greene's ailment "clearly predominate[s]" other permissible inferences, so the question of KFC's liability should not be submitted for jury determination. *Tiffin,* 18 Ill.2d at 60, 162 N.E.2d at 413; see also *Consolino v. C. E. Thompson,* 127 Ill.App.3d 31, 33, 468 N.E.2d 422, 424 (1st Dist. 1984) ("the circumstances shown must justify an inference of probability as distinguished from mere possibility").

> 4 Dorsey suffered no adverse effects from the chicken he ate.

Accordingly, KFC's motion for summary judgment [*7] is granted. It is so ordered.